JEFFERS v. DAVIS.

Opinion delivered February 3, 1908.

1. WRIT OF POSSESSION—CONCLUSIVENESS OF ADJUDICATION.—Where the chancery court confirmed a sale of land to the purchasers at its commissioner's sale, and upon their application directed that a writ of possession be issued to them, the adjudication of the court that the purchasers were entitled to a writ of possession was final and conclusive as to the rights of the parties upon the same state of facts, and will not be reopened upon an application by the purchasers for an *alias* writ of possession. (Page 244.)

2. SAME—SUFFICIENCY OF EXECUTION.—A writ of possession is not sufficently executed by ejecting defendant and sending plaintiff word that the premises have been vacated by defendant and delivered to plaintiff, and if defendant thereafter retakes possession, plaintiff will be entitled to an *alias* writ. (Page 244.)

Appeal from Randolph Chancery Court; *George T. Humphries,* Chancellor; affirmed.

*J. T. Lomax* and *Henderson & Campbell,* for appellant.

Plaintiff's motion on its face shows that a previous writ of possession had been served and defendant ejected from the land. If he entered thereafter, it was either as a trespasser or adverse claimant, and in either event plaintiff's remedy was ejectment. The donation deed is "conclusive evidence of a good and valid title" in him to the lands in controversy. Kirby's Digest, § 4820; 15 Ark. 331.

*C. r. Elmore* and *Witt & Schoonover,* for appellees.

1. The issuance of a writ of possession was the proper remedy. 21 Ark. 130. There is nothing in the record to show that appellees were ever placed in possession under the first writ. They were therefore entitled to an *alias* writ.

If the proceeding for possession was properly triable at law, as contended, appellant waived that right in failing to move to transfer to the law court. 74 Ark. 81; 51 Ark. 259; 32 Ark. 562; 31 Ark. 411; 28 Ark. 458.

2. Appellant is estopped by the former judgment of the court with reference to his alleged State title. 63 Ark. 254; Bigelow on Estoppel, 56.

BATTLE, J. In a suit pending in the Randolph Chancery Court wherein H. J. F. Davis and C. C. Presley were plaintiffs and W. I. Jeffers was defendant a decree was rendered on the 30th of July, 1901, ordering certain lands to be sold to satisfy a vendor's lien for purchase money due and owing to the plaintiffs by the defendant. The land was sold pursuant to the decree on the second day of November, 1901, and was purchased by the plaintiffs. The sale was confirmed at the January, 1902, term of the court, and the deed by which the land was conveyed to the purchasers was approved 22d day of July, 1902. On the 19th day of January, 1903, the purchasers, Davis and Presley, filed a motion in court, representing that the defendant, Jeffers, was in possession of the land and refused to surrender the same to them; and asked for the possession. The defendant, Jeffers, answered, and among other things, said that he was the owner of the land "by and under a certificate of donation from the State of Arkansas executed and delivered to him by J. W. Colquitt, Commissioner of State Lands, on the 21st day of August, 1901. After hearing the cause the court ordered and decreed that a writ of possession be issued, directed to the sheriff of Randolph County, commanding him to take possession of the land and deliver it to the purchasers, the plaintiffs. No appeal was taken from this decree. The writ was issued as directed. The sheriff took possession of the land, but failed to deliver it to the purchasers, and left it, and Jeffers thereafter again entered into the possession of the same, and the sheriff returned the writ, saying: "I received the writ of possession herein on October 17, 1903, and in obedience to same I did take the possession of the real property mentioned and described in said writ on the 23d day of October, 1903, from defendant, W. I. Jeffers, and also delivered same to plaintiffs, H. J. F. Davis and C. C. Presley, by sending to said plaintiffs an instrument of

writing stating to them that said premises was vacated and delivered to them as by law commanded."

On the 4th of October, 1906, the plaintiffs made application to the court for an *alias* writ, saying that, although the defendant was ejected by the sheriff under the first writ, he took possession immediately after the sheriff left, and still holds possession and refuses to surrender. The defendant answered and set up the same defense he did to first application. The first time he pleaded the certificate issued to him on the 21st day of August, 1901, by the Commissioner of State Lands, certifying that he had applied for a donation right to the land, and the last time the deed of the State executed to him for the *land* upon final proof of residence and improvement thereof made to complete his right to donation under the certificate, all of which were parts of the proceeding made necessary to acquire the State's donation deed; the proof being made on 25th of August, 1904, and the deed on the 10th of January, 1905, and the land being donated as forfeited to the State for taxes of 1898. The court, after hearing the evidence adduced by all parties, ordered an *alias* writ of possession to be issued, directed to the sheriff of Randolph County, commanding him to take the land and deliver it to plaintiffs; and the defendant appealed.

When the chancery court adjudged and decreed that the appellees were entitled to the writ of possession, upon the first application, that adjudication became final and conclusive as to the rights of the parties upon the same state of facts. The court had jurisdiction to determine the right of appellees to the writ, and, whether right or wrong, it will remain in force until set aside or reversed by a court of competent jurisdiction. Appellant took no appeal, and had no right to revive the controversy settled on the first application, and to a reconsideration and reversal of the adjudication upon the second application. The issues presented on the first application were substantially the same on the second, the appellant at both times claiming in the same right.

There was no execution of the first writ. The sheriff's return merely shows that he sent to appellees a statement that the premises were vacant, and delivered to them as by law com-

manded. The delivery of possession should have been effectual, and not formal. 16 Enc. of Pleading and Practice, page 755, and notes.

Decree affirmed.